IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROL D. BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:08-cv-128-MEF |
| ) | (WO - Do not publish) |
| ZARZAUR & SCHWARTZ, P.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND O R D E R**

This cause is before the Court on Defendant's Motion for Transfer of Venue (Docs. # 6 and 14).  Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act (FDCPA).

On November 15, 2006, Plaintiff requested Defendant to provide a verification of two debts that Defendant was attempting to collect from Plaintiff.  On February 21, 2007, Defendant filed a civil action against Plaintiff in the Circuit Court of Butler County, Alabama.  On February 21, 2008, Plaintiff filed a complaint in this Court alleging violation of the FDCPA based on Defendant's filing of the lawsuit in Butler County, which is in the jurisdiction of the Middle District of Alabama ("the Middle District"). Defendant argues that the proper venue is the United States District Court for the Northern District of Alabama ("the Northern District") because the actions that gave rise to Plaintiff's lawsuit occurred there.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

Defendant argues that the alleged violation of the FDCPA occurred in the Northern District because it mailed debt demand letters and notice of suit from its offices in Birmingham, which is in the Northern District. Defendant cites *Jenkins Brick Co. v. Bremer*, which involved a suit by an employer against a former employee for breach of a noncompete clause of an employment contract. 321 F.3d 1366 (11th Cir. 2003). In *Bremer*, the plaintiff presented the employment contract to the defendant in Georgia, the defendant signed the contract in Georgia, the defendant's worked in Georgia, and defendant's work for the competitor that gave rise to the lawsuit occurred in Georgia. The Court concluded that the defendant's actions that gave rise to the suit "occurred only in Georgia."

In this case, the Defendant's actions that gave rise to Plaintiff's suit occurred in the Middle District. The Defendant sued the Plaintiff in Butler County and participated in court hearings there. Defendant cites no federal case to support its position that venue is proper in the Northern District because the mail that gave rise to the Butler County lawsuit originated from its offices in the Northern District. The Plaintiff cited four federal cases that support the proposition that, in a case that arises from debt collection mail, venue is proper

2

in the district where the debtor resides because the injury did not occur until the mail was received. *Gachette v. Tri-City Adjustment Bureau*, 519 F. Supp. 311, 313-14 (N.D. Ga. 1981); *Bailey v. Clegg, Brush & Assocs., Inc.*, 1991 WL 143461, at *2 (N.D. Ga. 1991); *Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992); *Murphy v. Allen County Claims & Adjustments*, 550 F. Supp. 128, 130-31 (S.D. Ohio 1982). The rationale behind these decisions applies to this case. Plaintiff did not suffer any injury until the mail that initiated the lawsuit was received in Butler County. Therefore, a "substantial part of the events" that gave rise to Plaintiff's claims occurred in the Middle District, and thus venue is proper here.

Accordingly, it is hereby

ORDERED that Defendant's Motion to Transfer Venue (Doc. # 6) is DENIED.

Done this the 7th day of August, 2008.

                                                    /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE